AO 451 (TXND Rev. 10/13) Clerk's Certification of a Judgment to be Registered in Another District

**FILED**
MAR 0 1 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CV 16-80056 MISC.
HRL

# UNITED STATES DISTRICT COURT
## for the
## Northern District of Texas

| | |
|---|---|
| Menlo Investment Group, LLC, Francis Tang and Jane Tang | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:12-cv-04182 |
| O.D. Fought, Jr., et al. | ) |
| _Defendant_ | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on _(date)_ January 21, 2016.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for filing an appeal has expired, and if an appeal was filed, it is no longer pending.

Date: FEB 2 2 2016

CLERK OF COURT

_____
_Signature of Clerk or Deputy Clerk_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MENLO INVESTMENT GROUP, LLC, FRANCIS TANG and JANE TANG,<br><br>Plaintiffs,<br><br>v.<br><br>O.D. FOUGHT, JR., SHERI DIAZ, SHERI DIAZ d/b/a DFW COMMERCIAL PROPERTIES, THE MICHAEL GROUP, LLC d/b/a THE MICHAEL GROUP, CITY NATIONAL BANK as successor in interest to ICB CAPITAL BANK, ICB CAPITAL BANK, VA RICHMORE, LTD., J.L.&G., LTD. and JOHN GILMORE, RONALD GORDON, CROSSON DANNIS, INC., CHARLES DANNIS and JOHN PHILLIPS<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § Civil Action: 3:12-cv-04182 |

## JUDGMENT

Before the Court is Defendant City National Bank's Motion to Enter Judgment and Order (Doc. No. 217). The Court considered the Motion, Plaintiffs' response, and the applicable law. The Court **GRANTS** the Motion and **ORDERS** that final judgment shall be entered in the above-captioned case as follows:

Defendant City National Bank ("CNB") shall recover from the plaintiffs, Jane Tang, Francis Tang, and Menlo Investment Group, LLC, jointly and severally, the

1

Certified a true copy of an instrument on file in my office on FEB 1 9 2016
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

sum of One Million Eight Hundred Thousand and No/100 Dollars ($1,800,000.00) plus interest (the "Judgment Amount").

On or about November 8, 2007, CNB made a $1,710,800.00 loan (the "Loan") to Menlo Investment Group, LLC, as borrower. Jane Tang and Francis Tang, as individuals, each executed and delivered to CNB separate Continuing Guaranties of Payment and Performance, unconditionally guarantying repayment of the Loan to CNB (collectively, the "Guaranties"). For purposes of payment of the Judgment Amount pursuant to this Judgment, the original structure of the Loan shall remain in effect. It is understood by all parties that Menlo Investment Group, LLC shall be the primary obligor to pay the Judgment Amount to CNB and Francis Tang and Jane Tang, as individuals shall remain unconditional guarantors of the repayment of the Judgment Amount, pursuant to the Guaranties.

The Judgment Amount shall bear interest at the rate of five percent (5.00%) per annum, with interest to begin accruing upon the date this Judgment is entered. The principal and interest due thereon shall be paid by Plaintiffs to CNB, based on a thirty year amortization, in equal monthly installments of $9,743.51, which monthly payments shall be payable commencing on the first day of the first month following the entry of this Judgment and on each successive month thereafter over a term of sixty (60) months until paid in full.

This Judgment shall be collateralized by liens on the following properties: (a) 1452 San Antonio Avenue, Menlo Park, California 94025 (the "Menlo Property"), in a first priority lien position; and (b) 12803 Foothill Lane, Saratoga, California 95070 (the "Saratoga Property"), in a third priority lien position. The Menlo Property is currently owned by The Green Effect, LLC, a California limited liability company ("Green Effect"). Francis Tang and Jane Tang shall cause Green Effect to grant CNB a Deed of Trust, in form and content satisfactory to CNB, on the Menlo Property within five (5) days of the dissolution of the Saratoga TRO (as hereinafter defined). The Saratoga Property is owned jointly by Francis Tang, as trustee of The Francis Tang Residence Trust dated April 5, 2010 ("FTRT") and Jane Tang, as trustee of The Jane Tang Residence Trust April 5, 2010 ("JTRT"). Francis Tang and Jane Tang shall cause FTRT and JTRT to grant CNB a Deed of Trust, in form and content satisfactory to CNB, on the Saratoga Property within five (5) days of the dissolution of the Saratoga TRO (as hereinafter defined). Upon payment of the Judgment Amount in full by Plaintiffs, CNB shall reconvey its liens on both the Menlo Property and the Saratoga Property. If Plaintiffs fail to perform any obligations or pay any amounts due, CNB shall be entitled to exercise all of its available rights and remedies arising out of such default, including without limitation: (i) the commencement and completion of foreclosure proceedings on the Menlo Property and the Saratoga Property and (ii) the enforcement of the Guaranties.

The Saratoga Property is currently subject to the Order Enjoining Defendants Francis Tang and Jane Tang From Certain Activities Pertaining to the Real Property Commonly Known as 12803 Foothill Lane, Saratoga, CA 95070 (the "Saratoga TRO"). The Saratoga TRO was entered by the Superior Court of California, Santa Clara County (the "Santa Clara Court") on July 19, 2013 in Case No. 111CV208984 and among other things, enjoins Francis Tang, individually and as trustee of the Francis Tang Residence Trust dated April 5, 2010 ("FTRT"), and Jane Tang, individually and as trustee of the Jane Tang Residence Trust dated April 5, 2010 ("JTRT"), among others, from directly or indirectly causing title to the Saratoga Property to be transferred, voluntarily granting any lien or other encumbrance on the Saratoga Property or offering the Saratoga Property as collateral for other obligations. Following entry of this Judgment, Francis Tang and Jane Tang shall fully cooperate (including, without limitation, executing a stipulation and order to be filed in the Santa Clara Court for dissolution of the Saratoga TRO, as may be requested by CNB, in its sole discretion) and not in any way interfere or oppose (and shall cause FTRT, JTRT and any other entities controlled by Francis Tang and Jane Tang to cooperate and not interfere or oppose) with CNB's action (including the presentation of ex-parte applications by CNB to the Santa Clara Court) to dissolve the Saratoga TRO to permit Francis Tang and Jane Tang to cause FTRT and JTRT to deliver an executed

deed of trust in favor of CNB as to the Saratoga Property to secure the Judgment Amount.

The Menlo Property is currently subject to the Order Enjoining Defendants Francis Tang and Jane Tang From Certain Activities Pertaining to the Real Property Commonly Known as 1452 San Antonio Avenue, Menlo Park, CA 94025 (the "Menlo TRO"). The Menlo TRO was entered by the Superior Court of California, San Mateo County (the "San Mateo Court") on July 24, 2013 in Case No. 498554 and among other things, enjoins Francis Tang, Jane Tang, and Green Effect, from directly or indirectly causing title to the Menlo Property to be transferred, voluntarily granting any lien or other encumbrance on the Menlo Property or offering the Menlo Property as collateral for other obligations. Following entry of this Judgment, Francis Tang and Jane Tang shall fully cooperate (including, without limitation, executing a stipulation and order to be filed in the San Mateo Court for dissolution of the Menlo TRO, as may be requested by CNB, in its sole discretion) and not in any way interfere or oppose (and shall cause Green Effect and any other entities controlled by Francis Tang and Jane Tang to cooperate and not interfere or oppose) with CNB's actions (including the presentation of ex-parte applications by CNB to the San Mateo Court), to dissolve the Menlo TRO to permit Francis Tang and Jane Tang to cause Green Effect to deliver an executed deed of trust in favor of CNB as to the Menlo Property to secure the Judgment Amount.

In addition to this Judgment, the parties shall enter into such other agreements, including security agreements and deeds of trust, as may be appropriate to effect the terms of this Judgment.

Within thirty (30) days from the entry of this Judgment, the plaintiffs may place the Menlo Property on the market for sale. If the Menlo Property is placed on the market, CNB can, but is not required to, place a credit bid for the Menlo Property for no less than One Million Three Hundred Thousand and No/100 Dollars ($1,300,000.00) (the "Credit Bid Amount"). Any third party offer to purchase the Menlo Property received by the plaintiffs shall be forwarded to counsel for CNB and shall require the written approval of CNB. CNB shall approve the sale if the net sales proceeds of an offer for purchase of the Menlo Property, after the payment of all costs of sale without limitation, including any commission due, are greater than or equal to the sum of the Credit Bid Amount. CNB may decline to approve the sale if the net sales proceeds of an offer for purchase of the Menlo Property, after the payment of all costs of sale without limitation, including any commission due, is less than the Credit Bid Amount. The property can only be sold with CNB's approval, but CNB may not unreasonably withhold approval of a sale. The net proceeds from such a sale of the Menlo Property shall be paid directly to CNB from the escrow handling such transaction and Plaintiffs shall execute escrow instructions to that

effect. Once any proceeds from the sale of the Menlo Property are received by CNB, CNB shall apply such proceeds to the outstanding amounts due under this Judgment.

Within thirty (30) days from the entry of this Judgment, the Michael Group shall pay to the plaintiffs the sum of One Hundred Thousand and No/100 Dollars ($100,000.00). This sum shall be tendered and made payable to CNB and shall be applied by CNB towards the Judgment Amount.

Upon entry of this Judgment, any and all claims by the plaintiffs against Fought and Diaz shall be dismissed in their entirety.

SO ORDERED.

Signed January 21st, 2016.

*Ed Kinkeade*
JUDGE ED KINKEADE
UNITED STATES DISTRICT JUDGE